NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

George MARTIN and Carol MARTIN,

        Plaintiffs,

v.

HOVEROUND CORP, et al.,

        Defendants.

Civ. No. 10-3970

OPINION & ORDER

THOMPSON, U.S.D.J.

This matter comes before the Court on Defendant Hoveround Corporation's Motion to Enforce Settlement [docket #5]. The Court has decided the motion upon consideration of the parties' submissions, without holding oral argument. For the reasons given below, Defendant's motion is denied.

BACKGROUND

Plaintiff George Martin is a double amputee who claims he suffered various injuries when he fell from an electric wheelchair manufactured and sold by Defendant Hoveround Corp.

Plaintiff claims that he met with representatives from Defendant in December 2007, who evaluated his physical condition and recommended the proper wheelchair and accessories. (Mot. to Amend Ex. B, Am. Compl. ¶ 3) [8-3].[1] Plaintiff received the electric wheelchair in January 2008. (*Id.* at ¶ 2.) On March 17, 2008, Plaintiff was seated in the wheelchair when it tipped over, throwing him to the floor and causing severe personal injuries. (*Id.* at ¶ 12.) He alleges that his injuries resulted from the defective design of the wheelchair and the deceptive marketing practices of the Defendant.

---

[1] Plaintiff's Motion to Amend the Complaint was granted on January 18, 2011. (Order 1, Jan. 18, 2011) [10].

Plaintiff sought compensation for his injuries from Defendant, but was unsuccessful. So he contacted Defendant's liability insurance carrier, Liberty Mutual, and discussed his claim with Liberty Mutual representative Erin Williams. On March 8, 2010, Plaintiff sent an email to Williams summarizing his injuries and his attempts to seek compensation from Defendant and Liberty Mutual. (Mot. to Enforce Settlement Ex. A, at 3) [5-4]. The email narrative indicates that, at some point, Liberty Mutual offered to settle his claim but would pay for only a portion of his expenses. (*Id.*) Plaintiff considered this offer "criminal." (*Id.*)

According to the Defendant, Plaintiff called Liberty Mutual four days after the email, on March 12, 2010, to discuss settlement. Defendant claims that, during this phone conversation, Liberty Mutual offered Plaintiff $1,546.73 to cover half of his expenses and Plaintiff accepted this offer verbally and requested that the settlement release be emailed to him. (Mot. to Enforce Settlement Ex. B, Williams Certification ¶ 1) [5-5]. Williams emailed the release to Plaintiff later that day and then followed up twice, leaving a message with Plaintiff's wife on March 16, and speaking with Plaintiff on March 17 to request that he sign and return the release. Plaintiff never signed the release, and instead hired an attorney to file suit in state court, asserting claims for products liability, negligence, and liability under the New Jersey Consumer Fraud Act. The case was removed to this Court on August 4, 2010.

Defendant filed the instant motion on November 8, 2010, arguing that Plaintiff entered into a binding settlement with Defendant's liability insurance carrier, Liberty Mutual, during the March 12 phone conversation. Defendant believes the Court should enforce this settlement and dismiss the complaint. The motion also argues that Plaintiff's claims are barred by the statute of limitations. Plaintiff opposes the motion on the grounds that he never entered into any settlement agreement and he filed his lawsuit within the statute of limitations period.

## LEGAL STANDARDS

### A. Motion to Enforce Settlement

Courts treat a motion to enforce settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement. *See Washington v. Klem*, 388 F. App'x 84, 85 (3d Cir. 2010) (citing *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991)).

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court will "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." *Id.*; *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).

### B. Motion to Dismiss

Technically, the Federal Rules of Civil Procedure require that affirmative defenses—including statute of limitations defenses—be pleaded in the answer. *Gleeson v. Prevoznik*, 253 F. App'x 176, 179 (3d Cir. 2007). However, if the allegations show "that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, Defendant's statute of limitations argument is properly-raised, and we apply the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6).

Under 12(b)(6), a defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a

12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff, but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)).

## ANALYSIS

### A. Settlement Agreement

A settlement agreement is a binding contract that courts will not vacate absent compelling circumstances. *Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990). But like any contract, it is only "enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (1992)). An oral agreement that the parties anticipate will be later memorialized in writing is still enforceable so long as the parties intended to be bound when they made the agreement. *Pascarella v. Bruck*, 462 A.2d 186, 191 (N.J. Super. Ct. App. Div. 1983).

Defendant contends that the "Certification of Liberty Mutual's Erin Williams warrants the inescapable conclusion that defendant's insurance representative and George Martin had reached an amicable settlement of this dispute on March 12, 2010." (Mot. to Enforce Settlement 2.) We disagree. Williams's testimony is controverted by Plaintiff's assertion that he never agreed to settle his case, orally or otherwise. (Opp'n Br. Ex. A, Martin Certification) [6-1]. The documentary evidence is also not dispositive. True, Williams's email asking Plaintiff to sign and return the release suggests that she believed they had reached an agreement. However, there is no evidence of Plaintiff's similar intent to be bound. Indeed, Plaintiff's earlier email calls an

4

offer to settle for half of his expenses "criminal." Therefore, a genuine issue of material fact exists, and we will deny Defendant's motion.

### B. Statute of Limitations

The parties agree that the statute of limitations on Plaintiff's claims expired on March 18, 2010, two years after he sustained his injuries, but they disagree on when Plaintiff filed his lawsuit in state court. Both parties attach a copy of the Complaint, which bears two stamps. (Mot. to Enforce Settlement Ex C, at 1) [5-6]. The first reads "NJ Superior Court, Middlesex Vicinage" and is dated as "Filed and Received" on March 16, 2010, at 11:50 a.m. (*Id*.) The second reads, "2010 APR 19 P 3:06." (*Id*.) Therefore, there is a dispute as to when the complaint was filed, and at this stage, we will not dismiss the complaint as barred by the statute of limitations.

## CONCLUSION

For the reasons given above, IT IS on this 24th day of February, 2011,

ORDERED that Defendant's Motion to Enforce Settlement [docket # 5] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J

5